CONSUMERS POWER COMPANY v CITY OF FLINT

Docket No. 132239. Submitted July 14, 1992, at Lansing. Decided August 3, 1992, at 9:35 A.M.

Consumers Power Company, licensed under the Mechanical Contractors Act, MCL 338.971 *et seq.*; MSA 18.86(1) *et seq.*, to perform inspection, maintenance, and repair of gas furnaces and appliances, brought an action in the Genesee Circuit Court against the City of Flint, seeking declaratory and injunctive relief against the enforcement of a Flint ordinance that Consumers claimed required licensure by the city of journeymen and apprentices employed by Consumers to provide such services. The court, Philip C. Elliott, J., granted the relief sought by Consumers with respect to the portion of the ordinance the court deemed to be a local licensing requirement prohibited by the Mechanical Contractors Act. The city appealed.

The Court of Appeals *held:*

1. MCL 338.979; MSA 18.86(9) provides that a governmental subdivision may not establish or maintain local licensing requirements for work classifications set forth in MCL 338.976(3); MSA 18.86(6)(3). The work performed by Consumers' journeymen and apprentices falls within the classifications of § 6(3).

2. The Flint ordinance requires in part that apprentices register with the city's building and safety inspection division to facilitate their qualification for licensure as journeymen under the ordinance. Although ostensibly requiring registration only, the ordinance is part of a local licensing scheme that is prohibited by the Mechanical Contractors Act. The trial court did not err in ruling that this portion of the ordinance was invalid.

3. In the absence of a cross appeal by Consumers, the Court of Appeals cannot address Consumers' claims that the trial court erred in failing to invalidate the other challenged portions of the ordinance.

Affirmed.

REFERENCES

Am Jur 2d, Licenses and Permits § 37.
See the Index to Annotations under Licenses and Permits.

LICENSES — MECHANICAL CONTRACTORS — JOURNEYMEN AND APPRENTICES.

The Mechanical Contractors Act prohibits local governments from establishing or maintaining local licensing requirements for contractors, journeymen, or apprentices in the mechanical trades who perform work described in the work classifications enumerated in the act (MCL 338.976[3], 338.979; MSA 18.86[6][3], 18.86[9]).

*George F. Hill* and *Michael G. Wilson,* for the plaintiff.

*Timothy G. Bograkos,* City Attorney, and *Kathleen M. Abbott,* Assistant City Attorney, for the defendant.

Before: SAWYER, P.J., and CONNOR and A. G. BEST, II,* JJ.

SAWYER, P.J. Defendant appeals from a circuit court judgment that declares certain portions of a Flint city ordinance to be violative of state law and permanently enjoins defendant from enforcing those sections of its ordinance. We affirm.

The matter was submitted to the trial court on stipulated facts. Plaintiff, a public utility, is licensed by the state under the Mechanical Contractors Act, MCL 338.971 *et seq.;* MSA 18.86(1) *et seq.,* as a contractor to provide gas furnace and appliance inspection, maintenance, and repair services.[1] The city enacted an ordinance that required the licensing or registration[2] of journeymen and apprentices. Plaintiff's journeyman and appren-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] Actually, the license is held by a Consumers' employee, David F. Larsen. Under the act, a corporation does not hold a license itself. Rather, it must have a designated contractor of record in its employ.

[2] Part of the dispute involves the question whether the ordinance establishes a licensing requirement or merely a registration requirement.

tices were not licensed or registered under the ordinance, and defendant issued an appearance ticket charging plaintiff with a violation of the ordinance. That ticket was dismissed, apparently because of technical defects in the ticket itself, but defendant represented that it still intended to enforce its ordinance and would reissue a ticket against plaintiff if it did not comply with the ordinance. Plaintiff then brought this action to enjoin enforcement of the ordinance.

The trial court granted plaintiff relief with respect to certain portions of the ordinance, concluding that those sections constituted a licensing requirement and that § 9 of the Mechanical Contractors Act precludes municipalities from enacting local licensing ordinances in this area.

We turn first to the issue whether § 9 of the Mechanical Contractors Act, MCL 338.979; MSA 18.86(9), precludes a municipality from licensing journeymen and apprentices working in the mechanical trades. Defendant argues that the act does not prevent local licensing of journeymen and apprentices; rather, it only precludes local licensing of contractors. MCL 338.979; MSA 18.86(9) provides as follows:

> After the effective date of this act, *a governmental subdivision shall not establish or maintain local licensing requirements for the work classifications set forth in section 6(3).* A governmental subdivision shall not prohibit a contractor licensed under this act from engaging in the work classification or classifications for which the contractor has a license, unless the contractor is in violation of the mechanical code. [Emphasis added.]

Section 6(3), MCL 338.976(3); MSA 18.86(6)(3), provides as follows:

A contractor's license obtained by licensure or examination shall be classified and limited as 1 or more of the following:

(a) Hydronic heating and cooling and process piping.

(b) HVAC equipment.

(c) Ductwork.

(d) Refrigeration.

(e) Limited service, heating or refrigeration.

(f) Unlimited service, heating or refrigeration.

(g) Fire suppression.

(h) Specialty.

The trial court opined as follows:

> The Court agrees with plaintiff that Section 9 prohibits local licensing of mechanical journeys and apprentices for the work classifications in Section 6(3). The first sentence of Section 9 could not be much more clear. The second sentence does not qualify the first sentence or limit the prohibition to local licensing of contractors. Rather, the second sentence simply prevents a City from prohibiting a licensed contractor from engaging in those lines of work unless he or she is in violation of the State mechanical code. It is not up to a Court to say whether the flat-out prohibition of local licensing is wise or not.

We agree with the trial court that the first sentence of § 9 clearly precludes local licensing in this area and that that prohibition is not limited to contractors. While the act as a whole does deal with the state licensing of contractors, the first sentence of § 9 speaks in very broad terms. It states that a local governmental unit "shall not" establish "licensing requirements for the work classifications" in § 6(3). It does not limit its terms to "local *contractor* licensing," nor does it contain an exclusionary clause that allows local licensing

of journeymen and apprentices. Rather, it broadly precludes local licensing requirements for the work classifications contained in § 6(3), the so-called mechanical trades.

Further, there is no indication from the language in § 9 that the reference to § 6(3) intended that § 9 be limited to contractors. Rather, the explicit language of § 9 merely refers to the "work classifications" set forth in § 6(3). It would only appear that the Legislature did not wish to repeat the list of eight work classifications and, therefore, incorporated the list in § 6(3) by reference, without any indication that the reference to the work-classification list was intended to otherwise limit the provisions of § 9.

State preemption of a particular area exists, inter alia, "where the state law expressly provides that the state's authority to regulate in a specified area of the law is to be exclusive," and in such cases "there is no doubt that municipal regulation is pre-empted." *People v Llewellyn,* 401 Mich 314, 323; 257 NW2d 902 (1977). The language of § 9 is clear that there are to be no local licensing ordinances and that the field is expressly preempted by state law. Accordingly, the trial court correctly concluded that, to the extent that the Flint ordinance establishes a licensing requirement, it violates the provisions of § 9 and is unenforceable.

Defendant also argues that the trial court erred in determining that § M-123.6 of the ordinance is a licensing requirement. The trial court concluded that §§ M-123.2, M-123.3, and M-123.4 are local licensing requirements and are barred by the statute. Defendant appears to concede that those sections constitute a licensing requirement, but, of course, argues that they are permitted.

The trial court concluded that § M-123.6 may be a licensing requirement:

M-123.6 is so badly worded it is difficult to understand. If legal permission to work as an apprentice, with proper supervision, will be withheld because of a failure to do more than give pertinent information, then M-123.6 also appears to be prohibited.

M-123.6 provides as follows:

Registration of Apprentices: Apprentices shall be registered with the Division of Building and Safety Inspection to facilitate qualification of the experience required for Journey application of examination.

The trial court is correct that if § M-123.6 is a licensing requirement, it is prohibited. More to the point, however, it appears to be a section that no longer serves a useful purpose in light of the striking down of the preceding sections concerning the licensing of journeymen. The stated purpose of M-123.6 is to "facilitate qualification of the experience required for Journey application of examination." That is, it is designed to assist in the licensing of journeymen by documenting experience as an apprentice to establish qualification for licensing under the local ordinance. Although M-123.6 may only require registration, it operates as part of the prohibited licensing scheme and, therefore, would also be violative of the state statute. Accordingly, the trial court did not err in failing to rule that M-123.6 was permissible.

Finally, we note that in its prayer for relief in its brief on appeal, Consumers Power requests that this Court, in addition to affirming the trial court's rulings with respect to the issues raised by defendant, also reverse the trial court's ruling that §§ M-123.5 and M-123.7 are not licensing requirements prohibited under the statute and reverse

the trial court's decision to the extent that it ruled that § M-123.6 is not a licensing requirement. However, Consumers Power has not filed a cross appeal. Accordingly, its claims of error are not properly before this Court.

Affirmed. Plaintiff may tax costs.